IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

GREGORY GILLILAN,            :
                             :
         Plaintiff           :
                             :
    VS.                      :    CIVIL NO. 5:11-CV-357-MTT-MSH
                             :
SERGEANT BLANKENSHIP,        :
                             :
         Defendant           :
_____

ORDER

Plaintiff **GREGORY GILLILAN**, a prisoner at the Wheeler State Correctional Facility in Alamo, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. §1983. Plaintiff has not paid the $350.00 filing fee or sought leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Because Plaintiff has not paid the filing fee, the Court will assume he wishes to proceed *in forma pauperis*.

Under 28 U.S.C. § 1915(g), a prisoner is prohibited from bringing a civil action in federal court *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This code section, known as the "three strikes" provision of the Prison Litigation Reform Act, does not violate the doctrine of separation of powers, an inmate's right of access to the courts, an inmate's right to due process of law, or an inmate's right to equal protection. See Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by*

Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 166 L.Ed.2d 798 (2007). Thus, dismissal of a prisoner complaint under this section is constitutional. Id.  In fact, the proper procedure for a district court faced with a prisoner who seeks *in forma pauperis* status but is barred by the "three strikes" provision is to dismiss the complaint without prejudice. Dupree v. Palmer, 284 F.3d 1234, 236 (11th Cir. 2002).

A review of court records on the U.S. District Web PACER Docket Report reveals that Plaintiff has a prolific filing history and has far exceeded the three "strikes" allowed by the PLRA. In fact, more than a dozen of complaints or appeals filed by Plaintiff have been dismissed for failure to state a claim or as frivolous pursuant to 28 U.S.C. § 1915.  See e.g., Gillilan v. Paul, 6:08cv51 (GRS) (S.D. Ga. July 10, 2008); Gillian v. Pollark, 1:07-CV-50 (WLS) (M.D. Ga. April 4, 2007); Gillilan v. Galloway, 1:06-CV-71 (WLS) (M.D. Ga. March 5, 2007); Gillilan v. Scarborough, 1:05-CV-172 (WLS)(M.D. Ga. February 2, 2007); Gillilan v. Harrison, 1:06-CV-176 (WLS) (M.D. Ga. January 31, 2007); Gillilan v. Bell, 1:07-CV-3 (WLS) (M.D. Ga. January 11, 2007); Gillilan v. Thomas, 1:06-CV-122 (DHB)(S. D. Ga. January 10, 2007); Gillilan v. Johnson, 1:06-CV-177 (WLS)(M.D. Ga. January 8, 2007) (A later appeal was also dismissed as frivolous in this case on April 25, 2007); Gillilan v. Cannon, 1:06-CV-114 (WLS)(M.D. Ga. August 8, 2006); Gillian v. Hilton, 1:05-CV-133 (WLS)(M.D. Ga. August 18, 2006) (A later appeal was also dismissed in this case on May 8, 2007).

Because Plaintiff has had more than a dozen prior dismissals, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of § 1915(g).  He has not done so here.  The Court also notes that Plaintiff is currently incarcerated at Wheeler State Prison

in Alamo, Georgia, which is not located in the Middle District. Thus, if Plaintiff does wish to file a claim alleging that he is in "imminent danger of serious physical injury," the proper venue for such claim is the Southern District of Georgia, where Wheeler State Prison is located.

Plaintiff's presumed request to proceed *in forma pauperis* is, therefore, **DENIED**, and the instant action is hereby **DISMISSED** without prejudice. If Plaintiff wishes to bring a new civil rights action against this defendant, he may do so by submitting new complaint forms and the entire $350.00 filing fee at the time of filing the complaint in the Southern District of Georgia.

**SO ORDERED**, this 15th day of September, 2011.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT